■ Stevan A. Nosonowitz, Respondent, v Jo-Anne E. Nosonowitz, Respondent. Johnson & Cohen, L. L. P., Appellant. [726 NYS2d 486] —Mugglin, J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 27, 2000 in Ulster County, which, *inter alia*, granted plaintiff's motion to vacate a judgment entered against defendant in favor of Johnson & Cohen, L. L. P.

Johnson & Cohen, L. L. P. (hereinafter Johnson) represented defendant in this divorce action from September 15, 1997 to November 18, 1998, at which time defendant changed attorneys. Johnson claimed that defendant owed the sum of $20,021.91 for counsel fees and, in accordance with 22 NYCRR part 136, Johnson advised defendant of her right to request arbitration of the fee dispute. Defendant opted for arbitration and, immediately prior to commencement of the arbitration hearing, entered into a stipulation of settlement whereby she agreed to pay Johnson $17,000 in full satisfaction of any claim

for counsel fees stemming from representation in the matrimonial action.

An arbitration award was issued based on the stipulation, which was successfully confirmed by Johnson in the pending matrimonial action. When plaintiff discovered the judgment entered thereon, he sought an order vacating it on the ground that Johnson failed to provide him with notice of the proceeding which culminated in the judgment. Finding that Johnson failed to comply with the notice requirements of CPLR 2103 (e) by serving plaintiff with the application to confirm the arbitration award, Supreme Court, *inter alia,* vacated the judgment. Johnson appeals.

Initially, we agree with Johnson's contention that 22 NYCRR part 136 contains no requirement that any person other than the attorney and client receive notice of a fee dispute arbitration proceeding. Once a client files a request for arbitration with the Administrative Judge in the judicial district which has jurisdiction over the marital dispute, the Administrative Judge is required to serve a copy of the request on the named attorney only (22 NYCRR 136.5 [e]). Nevertheless, we hold that Supreme Court correctly vacated the judgment. The application to confirm the arbitration award was made within the matrimonial action. CPLR 2103 (e) specifically requires that any papers served on any party in the action shall likewise be served on every other party who has appeared in the action. Thus, when Johnson served its motion papers for confirmation of the arbitrator's award on defendant, it was required to serve the application also on plaintiff and the failure to do so serves as an appropriate basis upon which to vacate the judgment.

Johnson's contention that plaintiff is without standing to attack the judgment because he was not a party to the arbitration proceeding is unpersuasive. First, as above stated, plaintiff was entitled to notice of the application to confirm the arbitration award pursuant to CPLR 2103 (e). Second, the regulations governing the conduct of attorneys in domestic relations matters (*see,* 22 NYCRR 202.16 [c] [2]; 1400.2) require notice to the adverse party when an attorney seeks to obtain a security interest in, or lien on, property of the represented spouse. Moreover, the disciplinary rules of the Code of Professional Responsibility prohibit an attorney from entering into an arrangement for charging or collecting a fee in a domestic relations matter through, *inter alia*, a lien without prior notice to the adversary (*see,* 22 NYCRR 1200.11 [c] [2] [iii]). Although these regulations do not specifically address circumstances where the attorney-client relationship has been terminated

and the attorney thereafter seeks to collect the fee, given the obvious intent of these rules, we see no reason to eschew these notice requirements when the discharged attorney seeks to obtain a lien on marital property subject to equitable distribution. Thus, the adverse party in the matrimonial action must be given notice of the application to confirm the arbitration award and be afforded the opportunity to protect whatever interest he or she claims in the marital estate.

We have considered the parties' remaining contentions and find them to be unpersuasive.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.